## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWARTENG PRINCE OSEI, | : | Civil No. 3:18-cv-0611 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | FILED |
| CRAIG A. LOWE, | : | SCRANTON |
| | : | MAY 3 1 2018 |
| Respondent | : | |

PER _____
DEPUTY CLERK

### MEMORANDUM

## I. Introduction

Petitioner, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Prison, Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Petitioner challenges his continued detention by ICE. *Id.* Because Petitioner's ninety (90) day removal period has yet to expire, the petition will be dismissed as premature.

## II. Background

On March 17, 2008, Petitioner, Kwarteng Prince Osei, a native and citizen of Ghana, was admitted to the United States, at New York, New York, as a nonimmigrant temporary visitor for pleasure, class B2, with authorization to remain in the United States for a temporary period not to exceed September 16, 2008. (Doc. 8-1, Notice to Appear). Osei remained in the United States beyond September 16, 2008, without authorization from the Immigration and Naturalization Service, or its successor, the Department of Homeland

Security. *Id.*

On September 13, 2016, Osei was convicted in the United States District Court for the Eastern District of Pennsylvania, under docket number 2:15-CR-0378, for the offenses of Access Device Fraud, a violation of 18 U.S.C. §§ 1029(a)(2) and 1029(b)(1) and Possession of 15 or More Unauthorized Access Devices, a violation of 18 U.S.C. §§ 1029(a)(3) and 1029(C)(1)(a)(i). *Id.* Osei was sentenced to a term of incarceration of one year and one day. *Id.* As a result of this arrest and conviction, immigration officials were able to identify Petitioner as an individual who was now illegally in the United States, and, on August 15, 2017, charged him as removable from the United States pursuant to the Immigration and Nationality Act (INA) § 237(a)(1)(B) for remaining in the United States longer than permitted, and INA § 237(a)(2)(A)(iii) due to his conviction of an aggravated felony. *Id.*

On September 1, 2017, immigrations officials served Osei with a Warrant for Arrest and he was taken into ICE custody. (Doc. 8-1 at 14, Warrant for Arrest of Alien). Osei requested that an immigration judge review his custody determination. (Doc. 8-1 at 15, Notice of Custody Determination).

On September 14, 2017, Osei appeared before an immigration judge for a master calendar hearing. (Doc. 8-1 at 12, Declaration of Anthony Covington, Deportation Officer). The hearing was adjourned to allow Osei to retain counsel. *Id.*

On September 19, 2017, the Office of Chief Counsel filed evidence. *Id.*

Although the immigration judge re-scheduled the master calendar hearing for October 12, 2017, Osei moved for a continuance, which the Court granted. *Id.*

At the next master calendar hearing, held on November 2, 2017, pleadings were taken and Osei indicated that he intended to seek adjustment. *Id.*

On December 12, 2017, the date of the next master calendar hearing, the immigration judge advised Osei that the Court still needed medical and financial documents from him. *Id.* The Immigration Judge scheduled Osei's merits hearing for February 20, 2018. *Id.*

On February 13, 2018, the immigration judge denied Osei's motion for a continuance of his merits hearing, noting that Osei still had not provided the requested medical and financial information. *Id.* The February 20, 2018 merits hearing resulted in a continuance due to Osei's counsel failing to appear. *Id.*

On April 17, 2018, the immigration conducted Osei's merits hearing. (Doc. 8-1 at 7, Order). The immigration judge denied Osei's Waiver under INA § 212(h) and denied his application for adjustment of status under INA § 245(a). *Id.* In addition, Osei was ordered removed from the United States to Ghana. *Id.* Osei reserved his right to appeal the April 17, 2018 Order. *Id.* However, on May 1, 2018, through his attorney, Osei advised the BIA Court that he did not wish to pursue an appeal. (Doc. 8-1 at 22, Letter).

## III. **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory. *See* 8 U.S.C. § 1231(a). Section 1231(a)(1)(B) specifically provides: The removal period begins to run on the latest of then following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

See 8 U.S.C. § 1231(a)(1)(B). At the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6).

In *Zadvydas vs. Davis*, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the ninety (90) day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id*. at 688. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 697. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." *Id*. at 701. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following the Supreme Court's decision in *Zadvydas*, regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the ninety (90) day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody

review. 8 C.F.R. § 241.4(k)(1)(ii).

Petitioner's order of removal became administratively final on May 1, 2018, when he withdrew his right to appeal to the BIA.[1] As such, Osei's removal period began on May 1, 2018, and pursuant to 8 U.S.C. § 1231(a)(2) his detention is mandatory for ninety-days, or until July 30, 2018. Even if Osei's detention exceeds the ninety-day removal period, his detention may continue for an additional six-month, if it is "reasonably necessary" to effectuate removal or the alien may be released with applicable conditions of supervision. See Zadvydas, 533 U.S. at 689. Because Petitioner brought this action before the expiration of the ninety day period, and the presumptively reasonable six month removal period established in Zadvydas, the petition is premature. If Petitioner remains detained beyond the six (6) month period allowed by Zadvydas, he may file a new § 2241 petition reasserting that claim. Thus, the petition for writ of habeas corpus will be dismissed.

A separate Order shall issue.

Date: May 31st, 2018

Robert D. Mariani
United States District Judge

---

[1] An order of removal becomes "final upon the earlier of-(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1; United States v. Calderon–Minchola, 351 Fed. App'x 610, 611 n. 1 (3d Cir.2009).